■ CONSTANCE OVID, Respondent, v EDWARD J. SCHAFER et al., Appellants, and AMERICAN TELEPHONE AND TELEGRAPH COMPANY, Respondent.— Order, Supreme Court, New York County, dated June 6, 1978, denying motion of defendants Schafer to change the venue to Kings County, to dismiss the complaint for failure to state a cause of action and for summary judgment in favor of defendants, unanimously modified, on the law and the facts, without costs or disbursements, to grant the motion of defendants Schafer to change venue to Kings County and otherwise affirmed. This action finds its wellspring in a now-questioned settlement of an action in Kings County between plaintiff and defendant Edward J. Schafer. Unlike the other defendants, defendant American Telephone and Telegraph Company (AT&T) had no interest at stake in the Kings County action. The sole reason advanced by plaintiff for laying the venue of this action in New York County is that AT&T has been made a defendant and that is its county of residence. We find, however, that AT&T is not a necessary party. The only relief sought against it, enjoining it from transferring on its books any stock of the defendants Schafer, is as well accomplished by the relief sought against the defendants Schafer enjoining them from transferring their AT&T stock. AT&T's interest, although affected, will not be affected inequitably *(Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 125). The inclusion of an unnecessary party should not be the sole basis of venue (cf. CPLR 1003). In denying a change of venue Special Term also found that the moving defendants had failed to serve the prior written notice on the plaintiff required by CPLR 511 (subds [a], [b]) but we find no evidence in the record to support this finding. Special Term properly found the complaint, viewed in a light most favorable to plaintiff, to state a cause of action and properly

denied summary judgment as issue had not then been joined. Concur—Lupiano, J. P., Evans, Lynch and Sullivan, JJ.

Silverman, J., concurs in a memorandum, as follows: On the oral argument it became clear that the primary purpose of the present litigation was to establish the predicate for restoring the case to the Trial Calendar of the Supreme Court, Kings County. Obviously that court should control its own calendar without interference from a court in this Department. Accordingly, it is appropriate that the whole controversy be transferred to the Supreme Court, Kings County.